IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WILLIAM CARR, # 404-423          *

Plaintiff                        *

v                                *     Civil Action No. PWG-13-2372

WARDEN                           *

Defendant                        *
                               ***

## MEMORANDUM

Self-represented plaintiff William Carr ("Carr"), an inmate at North Branch Correctional Institution ("NBCI"), is requesting an injunction "to restore his due process rights that he has been stripped of, due to no fault of his own, but due to the NBCI officials/supervisors actions/inactions-of creating a racial environment condoning hate crime and unconditional living conditions." ECF No. 1. Carr generally objects to prison conditions at NBCI which he alleges include gang violence, prison lock-downs[1] and disparate disciplinary sanctions. *See id.* He claims he does not feel safe, lacks access to adequate library materials, and receives only cold food. *See id.* The Court has twice granted Carr additional time to supplement his complaint to include the names of the individuals whom he claims are responsible for the alleged wrongdoing; the dates of the incidents; the facts supporting his claim; and the specific harm that he has sustained. ECF Nos. 2 and 4. Carr was also directed to pay the filing fee or file a Motion to Proceed in Forma Pauperis. *See id.*

On October 16, 2013, Carr filed a Motion to Proceed in Forma Pauperis and a

---

[1] The undersigned takes notice that NBCI is a maximum security facility tasked with managing inmates considered threats to the state's correctional institutions. *See* http://www.dpscs.state.md.us/publicinfo/publications/pdfs/DOC2011 AnnualRpt.pdf. Assaults by inmates against correctional officers at NBCI have recently resulted in several periods of lockdown at the institution. *See, e.g.*, http://articles.baltimoresun.com/2013-07-24/news/bs-md-north-branch-prison-assaults-20130724_1_inmates-two-officers-union-presses; http://articles.baltimoresun.com/2013-08-05/news/bs-md-nbci-co-stabbing-20130805_1_inmate-corrections-officials-western-maryland-prison.

supplement to the complaint. Carr is eligible to proceed as an indigent and will be granted leave to proceed in forma pauperis based on his financial affidavit.

The gist of Carr's supplement is that he is part of a prison population that must live daily under the constant threat of brutality and misconduct. On this basis, Carr concludes he has suffered injury and is competent to maintain a class action for others similarly situated. ECF No. 5.

Carr, a self-represented inmate, was previously informed by this court that he may not bring a civil rights class action on behalf of others. ECF No. 2. The United States Court of Appeals for the Fourth Circuit has held that "the competence of a layman representing himself" is "clearly too limited to allow him to risk the rights of others." *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *Hummer v. Dalton*, 657 F.2d 621, 623 n. 2, 625–26 (4th Cir. 1981) (suit is "confined to redress for violation of his own personal rights and not one by him as a knight-errant for all prisoners"). Carr provides no evidence that he is an attorney, and therefore lacks standing to bring this lawsuit on behalf of his fellow prisoners.

To the extent Carr is seeking to assert his own claim for violations of constitutional rights based on prison conditions, he has failed to provide sufficient facts to state a claim on which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level...." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions," *id.*, and a plaintiff must "allege facts sufficient to state all the elements of [the] claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). Carr does not show he has sustained

specific harm as a result of the various conditions he alleges. Unfortunately, "prisons are dangerous places. Inmates get there by violent acts, and many prisoners have a propensity to commit more." *Riccardo v. Rausch*, 375 F.3d 521, 525 (7th Cir. 2004). The fact that a lockdown or other sanction necessary to maintain order and safety may result in a period of discomfort for Carr and other inmates does not in and of itself result in a violation of the Constitution. *See, e.g., Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995) (noting where corrections officials have a legitimate penological interest they are given "deference" with respect to the need to maintain order, discipline, and institutional security).

Insofar as Carr is requesting injunctive relief for himself, he fails to satisfy the criteria required for a preliminary injunction. In order for injunctive relief to be granted, he must establish that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of the equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 19 (2008). All four requirements must be satisfied. *See Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir.2009), *vacated on other grounds*, 559 U.S. 1089 (2010), *reinstated in relevant part on remand*, 607 F.3d 355 (4th Cir. 2010).

As noted, Carr fails to allege specific facts that clearly show he faces specific immediate and irreparable injury, loss, or damage, and does not meet the requirements for issuance of a preliminary injunction. Accordingly, injunctive relief will be denied and the complaint will be dismissed without prejudice. A separate order follows.

10/24/13
Date

Paul W. Grimm
United States District Judge